UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MUNIE and ABC QUALITY MOVING, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:10CV01096 AGF ) ) |
| CHRIS KOSTER, in his official capacity as the Attorney General of Missouri, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant Chris Koster, the Attorney General of Missouri; and the separate motion to dismiss filed by the remaining Defendants, four officials of the Missouri Department of Transportation Motor Carrier Services Division ("MoDOT"), and five officials/members of the Missouri Highways and Transportation Commission (the "Commission"). Plaintiffs ABC Quality Moving, LLC ("ABC") and its owner and president Michael Munie, both Missouri citizens, challenge the constitutionality of a Missouri statute and its implementing regulation. Pursuant to Plaintiffs' request, the Court heard oral argument on the motions. For the reasons set forth below, Koster's motion to dismiss the complaint as to himself shall be granted, and the remaining Defendants' motion to dismiss shall be denied.

## BACKGROUND

Plaintiffs allege that in 2008, ABC, a carrier of household goods, applied to MoDOT for a certificate authorizing it to operate in Missouri, as required by Missouri law, Mo. Rev. Stat. § 390.051.1.  The statute provides that such a certificate shall issue if MoDOT finds that a carrier of household goods applying for a certificate is fit, willing, and able to perform its service, unless MoDOT "finds on the basis of evidence presented by persons objecting to the issuance of the certificate" that issuance "will be inconsistent with the public convenience and necessity," with "the diversion of revenue or traffic from existing carriers" being a relevant factor to consider.  § 390.051.4 and .5; see also Mo. Code Regs. tit. 7, § 265.10.015.

MoDOT found that ABC was fit, willing, and able, but four household-goods moving companies already operating in Missouri each filed a motion to intervene objecting to ABC's application on the ground that granting the application would divert traffic from them.  Pursuant to the statute, MoDOT scheduled a hearing at which ABC had to show that granting its application would serve the public convenience and necessity.  Due to the cost that appearing at the hearing would entail, Plaintiffs chose rather to amend the application to seek authority to operate only in a part of the City of St. Louis, Missouri.  The four objectors withdrew their objections and ABC was granted the limited certificate requested.

Plaintiffs seek declaratory and injunctive relief, based on the claims that the intervention-and-hearing procedure violates Plaintiffs' constitutional rights.  Specifically,

Plaintiffs claim that the "Competitors' Veto" scheme violates their liberty interest in pursuing their chosen occupation, without due process, because the procedure is arbitrary and irrational; and denies Plaintiffs' equal protection rights in that the procedure only applies to carriers of household goods and not carriers of other goods, and gives unbridled discretion to public officials.  Munie also argues that the challenged procedure violates his rights under the Privileges and Immunities Clause.  All Defendants are sued only in their official capacities.

For dismissal, Defendant Koster argues that he is not the proper party because he has no enforcement authority under the statutes and regulation in question; rather, pursuant to Mo. Rev. Stat. § 390.156, enforcement powers lie with MoDOT.[1]  Koster also argues that Plaintiffs do not allege a justiciable controversy because ABC was given the certificate it asked for.

The remaining Defendants argue that they are entitled to dismissal because Plaintiffs did not allege that the intervention-and-hearing procedure "completely" deprived them of the right to engage in their chosen profession; Defendants have a rational basis for the procedure, namely, to protect consumers; and Plaintiffs were not aggrieved by any decision of the remaining Defendants.  They further argue that the

---

[1] Section 390.156 states that an "action to . . . enforce the powers of [MoDOT] . . . may be brought in any circuit court in this state in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to [MoDOT].

Privileges and Immunities Clause does not apply because Plaintiffs, who are both residents of Missouri, do not allege that they are being treated differently from residents of other states in conducting business in Missouri.  The MoDOT Defendants argue that they are not the real parties in interest because it is the Commission that is charged with making rules regarding application for the certificate in question.

In response, Plaintiffs acknowledge that the state Attorney General is not a necessary party, but they argue that he is a proper party due to his general obligation to uphold and enforce the laws of the state, and they ask that he not be dismissed.  With respect to the justiciability argument advanced by all Defendants, Plaintiffs argue that they are now suffering the deprivation of a federal constitutional right -- being barred from working in their chosen profession throughout Missouri, unless they submit to an unconstitutional certification procedure.

## DISCUSSION

To avoid a motion to dismiss, a plaintiff does not have to "set out in detail the facts upon which he bases his claim"; however, Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp., 550 U.S. at 557).

The Court first concludes that the state Attorney General is entitled to be dismissed

from this action.  See Reproductive Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon,  428 F.3d 1139, 1146 (8th Cir. 2005) ("General authority to enforce the law of the state is not sufficient to make government officials the proper parties to litigation challenging the law.") (quoting 1st Westco Corp. v. Sch. Dist. of Philadelphia, 6 F.3d 108, 113 (3d Cir. 1993)).  This dismissal, however, shall be without prejudice to Plaintiffs' right to seek leave to join the Attorney General in this action should that become necessary for some reason.

The Court next concludes that Plaintiffs have a justiciable claim.  They are entitled to seek prospective injunctive relief against enforcement of an occupational certification procedure that is allegedly unconstitutional.  See, e.g., Merrifield v. Lockyer, 547 F.3d 978, 980 (9th Cir. 2008) ("Plaintiff has standing because he cannot engage in his trade unless he first satisfies the current licensing requirement or receives an exemption.").  To prevail on their due process and equal protection claims, Plaintiffs will have to show that the statute's treatment of  carriers of household goods bears no "rational relation to a legitimate state interest."  See, e.g., Craigmiles v. Giles, 312 F.3d 220, 223 (6th Cir. 2002) (dealing with a constitutional challenge to a state occupational licensing law that protected a discrete interest group from economic competition).  This determination cannot be made on the record now before the Court.

The Court agrees with the remaining Defendants that Munie's Privileges and Immunities claim fails.  See Merrifield, 547 F.3d at 983-84 (holding that the right to pursue one's chosen profession does not fall within the purview of the Privileges and

5

Immunities Clause); <u>Powers v. Harris</u>, 379 F.3d 1208, 1214 (10th Cir. 2004) (same). Lastly, MoDOT's argument that its employees, who are charged with implementing the statute, are not proper Defendants is without merit. Defendants as much as admitted this at oral argument.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Koster's motion to dismiss is **GRANTED** without prejudice to Plaintiff's right to seek leave to join him as a Defendant at a later date. [Doc. #51]

**IT IS FURTHER ORDERED** that the remaining Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' claim under the Privileges and Immunities Clause and **DENIED** in all other respects. [Doc. #45]

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.