IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

MICHAEL MUNIE and )
ABC QUALITY MOVING, L.L.C. )
)
      Plaintiffs, )
)
v. )      Case No. 4:10-CV-01096-AGF
)
JAN SKOUBY, )
MICHELLE TEEL, TINA THURMAN, )
CHUCK GOHRING, RUDOLPH E. FARBER, )
DAVID A. GACH, DUANE S. MICHIE, )
GRACE NICHOLS, LLOYD J. CARMICHAEL, )
and STEPHEN R. MILLER, )
)
      Defendants. )

DEFENDANTS SKOUBY, TEEL, THURMAN, GOHRING, FARBER
GACH, MICHIE, NICHOLS, CARMICHAEL AND MILLER'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

STATEMENT OF THE CASE

      The issue in the case at bar is whether Mo. Rev. Stat. § 390.051(4)-(5) is constitutional or

as Plaintiffs assert and unconstitutional restriction upon Plaintiffs ability to engage in business as

a household goods mover within the State of Missouri, intrastate commerce.  In 2009, Plaintiffs

applied for a permit to obtain a certificate to engage as a common carrier of household goods

from the Missouri Department of Transportation (MoDOT) Motor Carrier Services Division

pursuant to Mo. Rev. Stat. § 390.051(1).  In this application, Plaintiffs sought to expand their

operations to provide intrastate household goods transportation service between all points within

125-mile radius of St. Louis, Missouri.  Defendants reviewed Plaintiffs' application and found

Plaintiffs "fit, willing and able to properly perform the service proposed, … and that the service

proposed will serve a useful present or future public purpose, …." Mo. Rev. Stat. § 390.051(4).

Defendants were prepared to issue the requested certificate to Plaintiffs until Defendants

received interventions from four other authorized household goods movers who intervened in

opposition to Plaintiffs' application.  Defendants are only authorized to issue certificates to

uncontested motor carrier cases.  Mo. Rev. Stat. § 621.040(1).  Plaintiff negotiated a settlement

with the four intervenors wherein Plaintiffs agreed to reduce the geographic scope of their

application to operations within the St. Louis Commercial Zone which includes the City of St.

Louis, St. Charles and Jefferson Counties and all other territory within an 18-mile radius of the

City of St. Louis. These intervenors withdrew their objections to Plaintiffs' amended application

and Defendants issued a certificate to Plaintiffs to operate within the St. Louis Commercial Zone.

In 2010, Plaintiffs filed the case at bar.

STANDARD OF REVIEW

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary
> judgment shall be entered `if the movant shows there is no genuine dispute as to
> any material fact and the moving party is entitled to judgment as a matter of law.'
> In ruling on a motion for summary judgment, a court is required to view the facts
> in the light most favorable to the non-moving party and must give that party the
> benefit of all reasonable inferences to be drawn from the record.  The moving
> party bears the burden of showing the absence of a genuine issue of material fact.
> In addition, the court must not `weigh the evidence or make credibility
> determinations'.

(citations omitted) Sewell v. Vatterott Educational Centers, Inc., 2011 WL 5153885 (E.D. Mo.

2011.

RATIONAL BASIS STANDARD OF REVIEW

"Unless a statute places a burden on a fundamental right or focuses on a suspect class, the

statute is subject to a rational basis standard of scrutiny". Knapp v. Hanson, 183 F.3d 786, 789

(8Th Cir. 1999).  Plaintiffs do not allege a fundamental right or a suspect class.  Plaintiffs concede

the statute under review, Mo. Rev. Stat. § 390.051 is reviewed under the "rational basis test".

Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment, p. 3.  "On a

2

rational-basis review, classification of a statute … comes to us bearing a strong presumption of validity, (citations omitted) and this attacking the rationality of the legislative classification have the burden `to negative every conceivable basis which might support it'". (citations omitted) <u>Federal Communications Commission v. Beach Communications, Inc.</u>, 508 U.S. 307, 314-15, 113 S.Ct. 2096, 2101-02, 124 L.Ed. 2d 211 (1993).

Although, Plaintiffs' Motion For Summary Judgment assumes there is no rational basis for Mo. Rev. Stat. § 390.051, Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment, p. 4, it is Defendants' position that there is no better method of insuring the consumer is able to select a reputable household goods mover than by allowing established movers, the competition, to comment upon an applicant's fitness and ability to perform the service. See, Defendants' Exhibit A, Affidavit Of Barbara Hague (3)(C) and (D); … "When customers tender their household goods to motor carriers for transportation, these shipments frequently include the customers' `entire worldly goods' … and … [a]fter loading the customers' entire household goods shipment on the carrier's truck, the carrier or its personnel hold extreme leverage over the customer and shipment, …". "[I]t is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature". <u>F.C.C. v. Beach</u>, 315, 2102. There is uncontroverted evidence through Ms. Hague's affidavit that there is a rational basis for the challenged statute. As a result, Plaintiffs' Motion For Summary Judgment fails because "[w]here there are `plausible reasons' for Congress' actions, `our inquiry is at an end'". <u>Id.</u>, 313-14, 2101, *citing*, <u>United States Railroad Retirement Board v. Fritz</u>, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed2d 368 (1980).

Plaintiffs theatrically refer to the intervention process as "The Competitor's Veto Procedure". Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment,

p. 6, 7. 8, 12, & 16. Such references are misleading because the relevant statutes and administrative rules, do not give any existing moving company the privilege or legal authority to block or otherwise prohibit potential competitors from obtaining licenses authorizing the transportation of household goods. Once Defendants review an applicant's application to determine whether the applicant is fit willing and able to perform the service proposed, the part of the process Plaintiffs do not challenge, Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment, p.1, the matter is transferred to the Administrative Hearing Commission (AHC) if Defendants receive objections to the issuance of a certificate. Mo. Rev. Stat. § 621.040(1).

The AHC, and not Defendants, may consider evidence of the diversion of revenue from existing carriers. In, In Re Application Of All Metro Movers, LLC, Mo. Admin. 07-1855 MC, 2008 WL 5630915 (Mo. Admin. Hearing Comm. 2008), Defendants' Exhibit B, All Metro Movers applied for authority to transport household goods intrastate. Nine established moving companies, including ABC Moving & Storage, filed motions to intervene. Id. 1. "Because no one appeared on behalf of ABC Moving and Storage, we issued an order on April 25, 20008, dismissing it as an intervenor in this case." Id. Two remaining intervenors presented no evidence and the remaining intervenors apparently presented evidence that issuing the certificate would have an adverse effect on their companies. The AHC decided, "All Metro's evidence is sufficient to show a benefit to the public - in this case, the DOD and its personnel - from increased competition. The intervenors have focused only on the detriment to themselves". Id. 9. The AHC relied in part on the similarities between Mo. Rev. Stat. § 390.051.4 and 49 U.S.C. § 10922 in reaching its decision. Id. 6. (49 U.S.C. § 10922 was moved to 49 U.S.C. § 13902 in July 2008.) The point being that diversion of revenue from existing carriers is not the

determining factor before the AHC. All Metro Movers did not restrictively amend their application and All Metro's application was granted.

Plaintiffs assert the procedures of Mo. Rev. Stat. § 390.051 deprives Plaintiffs of his right to earn a living for no legitimate public reason. Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment, p.5. Defendants have presented a rational basis for this statute, Exhibit A. The standards Plaintiffs assail are defined as follows:

> The `fit willing and able' test refers to an applicant's ability to carry out the proposed service, …, and should be satisfied when the applicant has the wherewithall (sic) to perform the service. The `public purpose' test can be satisfied by any number of ways. This demonstration `could be made by public officials, shippers, receivers, trade associations, civil associations, consumers, and employee groups, as well as by the applicant itself. … Once the applicant has satisfied both of these tests, i.e. made a prima facie case, the burden of proof shifts to the protestant to show that the issuance of the certificate is inconsistent with the public convenience and necessity.

(citations omitted) Erickson Transport Corp. v. Interstate Commerce Commission, 728 F.2d 1057, 1065 (8th Cir. 1984). Despite Plaintiffs' allegations to the contrary, neither the "fit willing and able" nor the "public purpose test" are insurmountable standards. All Metro Movers, supra was able to meet the standards even in the face of multiple intervenors.

Plaintiffs rely on D. Gaines, Inc. v. Moving and Deliveries Company, Mo. Admin. 04-1529 PO, 2005 WL 1684082 (Mo. Admin. Hrg. Comm. 2005) Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Summary Judgment, p. 9-10 as support that the intervention process is merely a sham proceeding. "Gaines cites no law supporting its application". Id. 2. Gaines offered no opening, closing, or written argument to show why we should grant its application". Id. 4. Further, the AHC stated,

> In Curtis, the court-approved factors to determine `fitness' are economic. They include the applicant's:
> net profit over a term of years;
> retained earnings over a term of years;

> net worth; and
> financing to provide service.
> Gaines presented no evidence on these issues.  Even if we took as evidence the
> application that the Division filed with us, there was no expert testimony
> connecting its information with economic fitness to provide statewide service.
> The record lacks evidence of Gaines' `fitness,' in the sense of economic durability,
> for statewide certification.

Id. 5, (quoting, Curtis v. Interstate Commerce Commission, 662 F.2d 680 (10th Cir. 1981).  The

AHC determined Gaines had not met its burden of proof and denied the application.  Id. 6.

Simply put, diversion of revenue, while a consideration, is not the determining factor

considered by the AHC in a contested case.  Gaines, supra, is best limited to its facts, such as

they are.  All Metro Movers, supra is a viable example of the process and the application of the

standards.

Defendants do not rely upon the public health, public safety or general welfare when

considering an application.  Instead, Defendants' rational basis for Mo. Rev. Stat. § 390.051 is

protection of the consumer.  Exhibit A.  That is a legitimate purpose.  There is uncontroverted

evidence, Exhibit A, that the legitimate purpose for this statute is consumer protection.  As a

result Plaintiffs' motion For Summary Judgment fails and must be denied.  plaintiffs must defeat

"every conceivable basis which might support a classification and they have failed to meet this

standard.

Plaintiffs assert useful public purpose and public convenience and necessity standards are

unconstitutionally vague.  Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For

Summary Judgment, 19.  However, these standards as set forth in Erickson Transport Corp. v.

Interstate Commerce Commission, 728 F.2d 1057, 1065 (8th Cir. 1984), are readily

understandable and not insurmountable.  See, In Re Application Of All Metro Movers, LLC, Mo.

Admin. 07-1855 MC, 2008 WL 5630915 (Mo. Admin. Hearing Comm. 2008), Defendants'

6

Exhibit B.    Plaintiffs' Motion For Summary judgment fails because they assume the AHC does not follow existing precedent.

In conclusion, this Court should deny Plaintiffs' Motion For Summary Judgment because Defendants rational basis for Mo. Rev. Stat. § 390.051 is consumer protection.  Exhibit A. "[L]egislative choice is not subject to courtroom fact finding and may be based upon rational speculation unsupported by evidence or empirical data".  F.C.C. v. Beach, 316, 2102.  "only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve the legislative branch its rightful independence and its ability to function".  Id. (quoting Lehnhausen v. Lake Shore Auto Parts Co., 485 U.S. 360, 365, 93 S.Ct. 1001, 1006, 99 L.Ed.2d 380 (1988).

Respectfully Submitted,


  _/s/ R.B. Regan_____
R. B. Regan            E.D. A.R.N. #10587MO
Sr. Litigation Counsel
Alicia O'Connell      E.D. A.R.N. #4296591
Assistant Counsel

MISSOURI HIGHWAYS AND
TRANPORTATION COMMISSION, ET AL.
1590Wood Lake Drive
Chesterfield, Missouri 63017
Phone: 314.453.1856
Fax: 314.340.4249
Email:  B.Regan@modot.mo.gov

Paula Lambrecht         E.D. A.R.N. #231657
Assistant Chief Counsel

Attorneys For Defendants

CERTIFICATE OF SERVICE

I hereby certify that on February 13th, 2012 the foregoing Defendants Skouby, Teel, Thurman, Gohring, Farber, Gach, Michie, Nichols, Carmichael, and Miller's Memorandum In Opposition To Plaintiffs' Motion For Summary Judgment was filed with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

>Timothy Sandefur
>Attorney for Plaintiffs
>Michael Munie and
>ABC Quality Moving, LLC
>
>Pacific Legal Foundation
>930 G Street
>Sacramento, California 95814
>Email: tms@pacificlegal.org

>_/s/ R.B. Regan_
>R.B. Regan